IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAWRENCE ZUCKER, on Behalf of Himself and all Others Similarly Situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FEDERATED SHAREHOLDER SERVICES )<br>COMPANY, JOHN F. DONAHUE, J. )<br>CHRISTOPHER DONAHUE, LAWRENCE D. )<br>ELLIS, THOMAS G. BIGLEY, JOHN T. )<br>CONROY, JR., NICHOLAS P. CONSTANTAKIS, )<br>JOHN F. CUNNINGHAM, PETER E. MADDEN, )<br>CHARLES F. MANSFIELD, JR., JOHN E. )<br>MURRAY, JR., MARJORIE P. SMUTS, JOHN S. )<br>WALSH and FEDERATED SECURITIES CORP., )<br>)<br>Defendants. ) | Case Number: 05-11831 NMG |

**DEFENDANTS' MEMORANDUM IN SUPPORT
OF MOTION TO TRANSFER VENUE**

## INTRODUCTION

Pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), Defendants move to transfer this putative class action to the Western District of Pennsylvania. The Western District of Pennsylvania is the more appropriate forum for this action, as reflected by the fact that there are five cases already pending in that district that involve substantially similar claims against the same group of Defendants based on Section 36(b) of the Investment Company Act of 1940, 15 U.S.C. § 80a-35(b) (among other statutes and laws). Three of these Section 36(b) cases expressly challenge the reasonableness of distribution fees and other fees paid by Federated Kaufmann Fund or its shareholders, and one of these cases—*Reaves*—asserts Section 36(b) claims concerning Federated Kaufmann Fund Class K Shares that are substantially the same as the Section 36(b) claims asserted in this case. *See* Amended Complaint, *Reaves v. Federated*

*Investors, Inc., et al.*, No. 05-cv-00201-DSC (W.D. Pa.) (case filed in W.D. Tenn. on June 25, 2004, transferred to W.D. Pa. on February 14, 2005), submitted herewith as Exhibit A (the "*Reaves* Complaint").[1]  Like the Complaint filed in this Court, *Reaves* concerns the reasonableness of distribution fees and shareholder services fees paid on assets attributable to Federated Kaufmann Fund Class K Shares, as well as redemption fees paid by Class K shareholders when they redeem their Shares.  *Compare Zucker* Complaint ¶¶ 27-66 *with Reaves* Complaint ¶¶ 35-91.

Furthermore, three of the five cases—*Reaves*, *Brever*, and *Bauer*—originally were filed in other district courts and subsequently were transferred to the Western District of Pennsylvania in the interests of justice and judicial economy.  *Brever* and *Bauer* were both transferred with the respective plaintiffs' consent.  The *Reaves* plaintiff fought transfer to the Western District of Pennsylvania and lost.  In *Reaves*, the District Court for the Western District of Tennessee issued a thorough and well-reasoned order granting Defendants' motion to transfer that explained why cases like *Reaves* (and this one) involving Federated Kaufmann Fund should be transferred to the Western District of Pennsylvania.  *See* Order Granting Motion of Defendants to Transfer *Reaves*, submitted herewith as Exhibit B (the "*Reaves* Transfer Order").  In *Reaves*, the federal district court concluded that transfer was appropriate due to the nature of the Section 36(b) claims concerning Federated Kaufmann Fund, the residence of the parties, and the location of potential witnesses, records, evidence, and events giving rise to the parties'

---

[1]  The other four actions filed against the Defendants and other subsidiaries of Federated Investors, Inc. include: *Spahn v. Federated Investors, Inc., et al.*, No. 04-cv-00352-DSC (W.D. Pa.); *Bauer v. Federated Equity Management Company of Pennsylvania, et al.*, No. 04-cv-00702-DSC (W.D. Pa.) (filed S.D. Ill. March 5, 2004; voluntarily dismissed April 30, 2004; re-filed W.D. Pa. May 10, 2004); *Fetzer v. Federated Investors, Inc.*, No. 04-cv-00719-DSC (W.D. Pa.); *Brever, et al. v. Federated Equity Management Co. of Pennsylvania, et al.*, No. 04-cv-00855-DSC (W.D. Pa.) (filed M.D. Fla. February 25, 2004; transferred W.D. Pa. June 1, 2004; consolidated March 31, 2005 with No. 04-cv-00702-DSC) (collectively, the "Federated Fee Cases").

dispute. *Reaves* Transfer Order at 7-9 (concluding that *all* the relevant factors weigh in favor of transfer to the Western District of Pennsylvania). The court further found that the public interest concerns of systemic integrity, fairness, and judicial economy weighed in favor of transfer, and that transfer would ensure that similar claims or arguments involving Federated Kaufmann Fund would be decided in a consistent manner. *Id.* The court rejected arguments by the *Reaves* plaintiff, who claimed that her Section 36(b) claims concerning Federated Kaufmann Fund Class K Shares were substantially different from the other cases pending in the Western District of Pennsylvania against Defendant Federated Securities Corp. and other subsidiaries of Federated Investors, Inc. *Id.* Finally, the court noted that little weight should be given to plaintiff's choice of venue given the nature of the claim and relief requested. *Id.*

The grounds for transfer recognized in *Reaves* are even more compelling in this case because of the similarities between this case and *Reaves*, which both concern fees paid on assets attributable to Federated Kaufmann Fund Class K Shares. Accordingly, this Court should follow the well-reasoned decision by the district court in *Reaves* and transfer this action to the Western District of Pennsylvania. As in *Reaves*, transfer is necessary and appropriate to avoid the possibility of multiple judgments concerning Federated Kaufmann Fund that are conflicting, overlapping, or collectively in violation of the limitation on damage awards imposed by Section 36(b)(3), 15 U.S.C. § 80a-35(b)(3), and to avoid uncoordinated, duplicative discovery and a waste of time and resources by the federal courts and the parties. Indeed, the Western District of Pennsylvania Court hearing the aforementioned five cases already has begun to coordinate proceedings in those cases. *See*, *e.g.*, March 31, 2005 Order of Court, *Spahn*, *Fetzer*, *Bauer*, *Brever*, and *Reaves*, submitted herewith as Exhibit C (the "W.D. Pa. Federated Case Coordination Order") (ordering coordinated pretrial development of the aforementioned cases in the interests of judicial economy and parties' resources).

Furthermore, the Western District of Pennsylvania is a more appropriate forum for the litigation given the location of most of the parties, the events giving rise to the Plaintiff's claims, the material witnesses, records, and other sources of proof. Transfer is especially warranted in this case given defects in Plaintiff's Complaint concerning venue and personal jurisdiction over individual defendants. Finally, Plaintiff's choice of forum is entitled to little weight under the circumstances. This action has no substantial, factual connection to this district and could have been brought by any one of thousands of shareholders scattered throughout the country.

## FACTUAL BACKGROUND[2]

### I. Plaintiff's Civil Action Based on Section 36(b) Concerning Federated Kaufmann Fund

This lawsuit involves the reasonableness of distribution fees and other fees paid on assets attributable to Class K Shares of Federated Kaufmann (the "Fund"). Plaintiff Lawrence Zucker is an alleged shareholder of the Fund's Class K Shares. On behalf of himself and a putative class of past and present Federated Kaufmann Fund Class K shareholders, Plaintiff claims that Defendants Federated Securities Corporation and Federated Shareholder Services Company have breached a fiduciary duty owed to the Fund under Section 36(b) of the Investment Company Act of 1940, 15 U.S.C. § 80a-35(b), by charging excessive and unreasonable fees for distribution services, shareholder services, and transfer agency services in respect of the Fund's Class K Shares  *Zucker* Complaint ¶¶ 24-49. Plaintiff also claims that a redemption fee paid by redeeming Class K shareholders is excessive and unreasonable, and he

---

[2] The factual statements made in this Memorandum about Federated Kaufmann Fund, Federated Equity Funds, Federated Investors, Inc. and Federated's subsidiaries are all supported by the Declaration of Richard J. Thomas, submitted with Defendants' Motion to Transfer Venue.

asserts that Defendants also are liable for this fee under Section 36(b).  *Zucker* Complaint ¶¶ 50-60.

Federated Kaufmann Fund is a diversified portfolio of Federated Equity Funds ("FEF"), a registered open-end investment company (commonly referred to as a "mutual fund").  FEF is based in Pittsburgh, Pennsylvania, which is within the Western District of Pennsylvania.  FEF's Board of Trustees governs Federated Kaufmann Fund and reviews the Fund's distribution agreement, shareholder services agreement, transfer agency agreement and Rule 12b-1 Plan, along with all other aspects of the Fund's operations.  Seven of the twelve members of the FEF Board of Trustees who are named individually as Defendants in this action are domiciled in Pittsburgh.[3]  None of the members of the FEF Board of Trustees is domiciled in Massachusetts.  The FEF Board of Trustees meets regularly in Pittsburgh and Ligonier, Pennsylvania (in Western District of Pennsylvania) and Naples, Florida, to conduct business concerning Federated Kaufmann Fund and not in Massachusetts.  The two remaining Defendants in this case, Federated Securities Corp. ("FSC") and Federated Shareholder Services Company ("FSSC"), also have their principal places of business in Pittsburgh.[4]  FSC and FSSC both are subsidiaries

---

[3]    The Trustees of FEF include Defendants John F. Donahue (Pittsburgh, Pa.), J. Christopher Donahue (Pittsburgh, Pa.), Lawrence D. Ellis (Pittsburgh, Pa.), Thomas G. Bigley (Pittsburgh, Pa.), John T. Conroy, Jr. (Naples, Fla.), Nicholas P. Constantakis (Pittsburgh, Pa.), John F. Cunningham (Palm Beach, Fla.), Peter E. Madden (Palm Beach, Fla.), Charles F. Mansfield, Jr. (Westhampton Beach, N.Y.), John E. Murray, Jr. (Pittsburgh, Pa.), Marjorie P. Smuts (Pittsburgh, Pa.), and John S. Walsh (Valparaiso, Ind.) (collectively, the "Trustee Defendants").

[4]    FSC is the principal underwriter and distributor of shares of Federated Kaufmann Fund.  FSSC is a service provider that supplied transfer agency services and maintained necessary records of shareholder accounts for FEF, including Federated Kaufmann Fund, prior to July 1, 2004.  Contrary to the Complaint ¶ 7, FSC and FSSC are not "domiciled" in Massachusetts.  In other words, FSC and FSSC are not organized under the laws of Massachusetts, and they do not have their principal places of business in Massachusetts.  Furthermore, contrary to the Complaint, FSSC is *not* the current transfer agent for the Fund, and it has *not* received any transfer agency fees from the Fund within one year of the filing of this

Continued on following page

of Federated Investors, Inc. ("Federated"), which also is based in Pittsburgh. Most of FEF's records and the Federated organization's employees, records, and management and distribution operations are located in Pittsburgh.

## II. Related Actions Based on Section 36(b) Against Defendants and Other Federated Companies Pending in the Western District of Pennsylvania Concerning Federated Kaufmann Fund and Other Federated Funds

As noted in the Introduction, this lawsuit is only one of six cases pending against Federated and its subsidiaries based on Section 36(b), challenging the reasonableness of fees that Federated companies receive for managing and distributing specific mutual funds. The other five cases were filed in or transferred to the Western District of Pennsylvania prior to the commencement of this case on September 8, 2005.

**The *Reaves* Case.** As noted in the Introduction, *supra*, *Reaves v. Federated Investors, Inc.*, *et al.*, No. 05-cv-00201-DSC (W.D. Pa.) originally was filed in the Western District of Tennessee and was transferred to the Western District of Pennsylvania (over the plaintiff's objection) in the interests of justice and judicial economy due to similarities with the other Federated Fee Cases, including *Brever* and *Spahn* (discussed below). *See Reaves* Transfer Order at 7-9. *Reaves* includes several Section 36(b) claims that are substantially the same as the claims asserted by the named Plaintiff in this case. In *Reaves* (as in this case), the plaintiff allegedly owns Class K Shares of Federated Kaufmann Fund. Furthermore, in *Reaves* (as in this case), the Complaint expressly alleges that FSC and FSSC have violated Section 36(b) by charging the Fund's Class K Shares with excessive and unreasonable fees for distribution and shareholder services and that FSSC is liable under Section 36(b) for a redemption fee paid to the

---

Continued from previous page
action. *See* 15 U.S.C. § 80a-35(b)(3) (limiting damages to fees received by a fund advisor or affiliate within one year of the commencement of an action).

Fund by redeeming Class K shareholders. *Reaves* Complaint ¶¶ 44, 78. Finally, the *Reaves* Complaint includes allegations that challenge the management fee paid by the entire Federated Kaufmann Fund to the Fund's past and current investment advisers, Federated Equity Management Company of Pennsylvania ("FEMCOPA") and Federated Investment Management Company ("FIMCO"). *Reaves* Complaint ¶ 118.

**The *Brever* Case.** *Brever, et al. v. Federated Equity Management Co. of Pennsylvania*, No. 04-cv-00855-DSC (W.D. Pa.), originally was filed in the Middle District of Florida on February 25, 2004, but it was transferred to the Western District of Pennsylvania on June 1, 2004 (with the plaintiffs' consent) in the interests of justice and judicial economy, due to similarities with other Federated Fee Cases. In *Brever* (as in this case), the plaintiffs include alleged shareholders of Federated Kaufmann Fund. Furthermore, in *Brever* (as in this case), the Complaint expressly alleges that FSC has violated Section 36(b) by charging the Fund excessive and unreasonable fees for distribution services. *See Brever* Second Amended Complaint, submitted herewith as Exhibit D, ¶¶ 73, 79. Similar to the plaintiffs in *Reaves* and other Federated Fee Cases, the plaintiffs in *Brever* have asserted Section 36(b) claims that challenge the management fee paid by all share classes of Federated Kaufmann Fund to the Fund's past and current investment advisers, FEMCOPA and FIMCO.[5]

---

5   The plaintiffs in *Brever* also have asserted a claim for excessive distribution fees based on Section 12(b) of the Investment Company Act of 1940, 15 U.S.C. § 12(b), and Rule 12b-1, 17 C.F.R. § 270.12b-1. Those claims also purport to challenge the distribution fee paid by all Shares of Federated Kaufmann Fund, including Class K Shares. *Id.* ¶¶ 82-83. On November 7, 2005, the district court granted the *Brever* Plaintiffs' motion to file a Second Amended Complaint substituting Leonard Burress, Jules Cooper, James Monahan, and Nina Monahan for Plaintiff Randal C. Brever. Plaintiffs Burress, Cooper, and James and Nina Monahan all are alleged shareholders in Federated Kaufmann Fund. *Id.* ¶¶ 26-30.

**The *Spahn* and *Fetzer* Cases.**  *Spahn v. Federated Investors, Inc., et al.*, No. 04-0352 (W.D. Pa.) and *Fetzer v. Federated Investments, Inc., et al.*, No. 04-cv-0719-DSC (W.D. Pa.), both originally were filed in the Western District of Pennsylvania, and on March 31, 2005, the two cases were consolidated *sub nom. In re Federated Mutual Funds Excessive Fee Litigation* at No. 04-cv-00352-DSC.  *See* W.D. Pa. Federated Case Coordination Order at 2-3.  In *In re Federated* (as in this case), one of the named plaintiffs allegedly owns shares in Federated Kaufmann Fund.  Furthermore, in *In re Federated* (as in this case), one of the Complaints expressly alleges that Federated and its subsidiaries have violated Section 36(b) by charging Federated Kaufmann Fund and other Federated mutual funds excessive and unreasonable fees for distribution services.  *See Spahn* Complaint, submitted herewith as Exhibit E, ¶¶ 75-76.  Similar to the plaintiffs in *Reaves* and other Federated Fee Cases, the plaintiffs in *In re Federated* have asserted Section 36(b) claims that challenge the management fee paid by all share classes of Federated Kaufmann Fund and other Federated mutual funds to the funds' past and current investment advisers.  *Spahn* Complaint ¶¶ 67-68.[6]

**The *Bauer* Case.**  *Bauer v. Federated Equity Management Company of Pennsylvania, et al.*, No. 04-cv-00702-DSC (W.D. Pa.), originally was filed in the Southern District of Illinois on March 5, 2004.  Plaintiff voluntarily dismissed the case on April 30, 2004 and re-filed his complaint in the Western District of Pennsylvania on May 10, 2004.  The plaintiff in *Bauer* allegedly owns shares of Federated Equity Income Fund ("FEIF") and Federated High Income Bond Fund ("FHIBF").  In *Bauer*, plaintiff claims that FSC and other Federated companies violated Section 36(b) by charging and receiving excessive and

---

[6] The *In re Federated* plaintiffs also have asserted claims against Federated Companies based on other provisions of the Investment Company Act of 1940 and the Investment Advisers Act of 1940.  In *Reaves*, the district court rejected arguments by the plaintiff opposing transfer to the Western District of Pennsylvania based on such additional claims and additional factual allegations.  *See Reaves* Transfer Order at 7-8 & n.3.

unreasonable fees for investment advisory/management services and distribution services. *See Bauer* Complaint, submitted herewith as Exhibit F, ¶¶ 119, 122.

## ARGUMENT

Transfer between federal district courts is authorized by 28 U.S.C. §§ 1404(a) and 1406(a). Section 1404(a) states that:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

In order to prevail on a motion to transfer under Section 1404(a), the moving party must demonstrate that: (1) jurisdiction and venue are proper in the transferor district; (2) jurisdiction and venue are proper in the transferee district; and (3) the transfer will serve the convenience of the parties and witnesses and promote the interests of justice and judicial economy. *See Coady v. Ashcraft & Gerel*, 223 F.3d 1, 11 (1st Cir. 2000), *appeal after remand*, 244 F.3d 948 (D.C. Cir. 2001); *Reebok Intern. Ltd. v. Dunkadelic, Inc.*, No. 03-cv-11471-G, 2004 WL 413266, submitted herewith as Exhibit G, at *3 (D. Mass. March 2, 2004); *Nelson v. AIM Advisors, Inc.*, No. 01-cv-0282-MJR, 2002 WL 442189, submitted herewith as Exhibit H, at *3 (S.D. Ill. March 8, 2002) (transferring the action to the district court in which defendants were headquartered and in which they managed the mutual funds at issue). In the event of a defect in venue and/or personal jurisdiction over named defendants, the transferor court may order transfer under Section 1406(a) to an appropriate district court in the interests of justice and judicial economy. *See* 28 U.S.C. § 1406(a); *Goldlawr Inc. v. Heiman*, 369 U.S. 463 (1962); *Ellis v. Great Southwestern Corp.*, 646 F.2d 1099, 1104-05 (5th Cir. 1981); *Banque de la Mediterranee-France, S.A. v. Thergen, Inc.*, 780 F. Supp. 92, 94 (D. R.I. 1992).

In this case, transfer pursuant to 28 U.S.C. § 1406(a) is warranted. Although Plaintiff's Complaint asserts that jurisdiction and venue are proper, *see* Complaint ¶¶ 5-7,

Plaintiff has failed to allege facts sufficient to show that the Court has personal jurisdiction over the individual Trustee Defendants and that venue is proper in this district. *See LTX Corp. v. Daewoo Corp.*, 979 F. Supp. 51, 55 (D. Mass. 1997) (plaintiff bears the burden of alleging and establishing personal jurisdiction over defendants) (citing cases), *aff'd*, 141 F.3d 1149 (1st Cir. 1998). For example, there are no factual allegations that show that each of the individual Trustee Defendants has transacted business in the Commonwealth of Massachusetts, and there are no factual allegations that show that a substantial part of the events or omissions giving rise to the Plaintiff's claims actually occurred in this district. *See Escude Cruz v. Ortho Pharmaceutical Corp.*, 619 F.2d 902, 906 (1st Cir. 1980) (personal jurisdiction over individual officers of a corporation may not be based merely on jurisdiction over the corporation). To the contrary, according to the Declaration of Richard J. Thomas, the individual Defendants who are FEF's Trustees are all domiciled in Pittsburgh, Pennsylvania or other places outside of Massachusetts and met regularly in Pittsburgh and other places outside of Massachusetts to conduct business concerning Federated Kaufmann Fund. Therefore, without prejudice to or waiver of any right to object to personal jurisdiction and venue in this forum, Defendants submit that the case should be transferred to Pittsburgh pursuant to 28 U.S.C. § 1406(a) to avoid any dispute about defects in personal jurisdiction and venue. *Ellis*, 646 F.2d at 1104-05; *Thergen,* 780 F. Supp. at 94.

Furthermore, regardless of whether there is a defect in personal jurisdiction or venue, Defendants submit that transfer under either 28 U.S.C. §§ 1404(a) or 1406(a) also will serve the convenience of the parties and witnesses and promote the interests of justice. In this regard, the relevant factors include:

- the location of willing and unwilling witnesses;
- the residence of the parties;
- the location of sources of proof;
- the location of the events that gave rise to the dispute; and

- any other public-interest concerns, such as systemic integrity, avoidance of conflicting judgments in related litigation, fairness, and judicial economy.

*See Coady*, 223 F.3d at 11; *Codex Corp. v. Milgo Electronic Corp.*, 553 F.2d 735, 739 (1st Cir. Mass. 1977). *See also Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 30-31 (1988); *Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991).

As the Tennessee federal court realized in a practically identical situation, all of these relevant factors weigh heavily in favor of transferring this case to the Western District of Pennsylvania. *See Reaves* Transfer Order at 7-9. Most of the parties are domiciled or based in Pittsburgh; most of the material events at issue in this case occurred in Pittsburgh; most of the material witnesses and documentary evidence are located in Pittsburgh; non-duplicative discovery, coordinated with that in five similar actions pending in Pittsburgh, would be more fair; and trial in Pittsburgh (if necessary) will be much more convenient on balance, given the sources of proof which are more accessible in the Western District of Pennsylvania than in the District of Massachusetts.

As discussed above, Plaintiff's claims in this case arise under Section 36(b) of the Investment Company Act of 1940. *Zucker* Complaint ¶ 5. To establish a violation of Section 36(b), Plaintiff must show that Defendants have charged "a fee that is so disproportionately large that it bears no reasonable relationship to the services rendered and could not have been the product of arm's-length bargaining." *Gartenberg v. Merrill Lynch Asset Management, Inc.*, 694 F.2d 923, 928 (2d Cir. 1982). Accordingly, "[i]n order to determine whether a fee is excessive for purposes of Section 36(b), a court must examine the relationship between the fees charged and the services rendered by the investment adviser" and its affiliates. *Migdal v. Rowe Price-Fleming International, Inc.*, 248 F.3d 321, 326-27 (4th Cir. 2001); *Krantz v. Prudential Investments Fund Management, LLC*, 305 F.3d 140, 143 (3d Cir. 2002), *cert.*

*denied*, 537 U.S. 1113 (2003). The quality of such management services is part of this analysis. In addition, courts have repeatedly recognized the ratifying actions of trustees and shareholders of a fund to be among "the most important factors to be examined in evaluating the reasonableness of compensation under Section 36(b)." 15 U.S.C. § 80a-35(b) (2) (directing courts to consider such actions under all circumstances); *Krinsk v. Fund Asset Mgmt., Inc.*, 875 F.2d 404, 412 (2d Cir. 1989).

Under the governing law, therefore, this case likely will focus on the following issues:

- The nature and quality of the distribution, and shareholder services provided by Defendants; and
- The actions of the Trustee Defendants and shareholders in approving the contracts and arrangements pursuant to which the challenged fees were charged and paid.

Given that the litigation will hinge on these types of issues, the evidence in this case, both testimonial and documentary, will focus on Pittsburgh, in the Western District of Pennsylvania. *See Reaves* Transfer Order at 7-9.

*First*, almost all the real parties in interest on both sides of the caption are based in Pittsburgh. Federated Kaufmann Fund is a portfolio of FEF, a registered investment company which is based in Pittsburgh. Pittsburgh also is the domicile of seven of the twelve Trustee Defendants and the principal place of business for both FSC and FSSC, the Federated companies named as Defendants. Consequently, records concerning their arrangements with the Fund and their distribution services, transfer agency services, and shareholder services, including financial records, are prepared and maintained in Pittsburgh.

*Second*, because the litigation will focus in significant part on the actions of the FEF Trustees with respect to Federated Kaufmann Fund, the pertinent witnesses and documentary evidence will either be located in Pittsburgh or will have a much stronger connection to Pittsburgh than to Massachusetts. The FEF Board of Trustees meets regularly in Pittsburgh and Ligonier, Pennsylvania (in the Western District of Pennsylvania) to conduct business related to Federated Kaufmann Fund (including annual approval of the Fund's Rule 12b-1 Plan); but the Board has never met in Massachusetts to conduct business related to the Fund. Further, all the records regarding the Trustees' approval of the distribution fees and other fees at issue in this case are maintained in Pittsburgh.

*Third*, to the extent that the litigation will focus on the distribution fees, transfer agency fees, and shareholder service fees paid on assets attributable to Class K Shares of Federated Kaufmann Fund, all records relating to such fees are maintained in Western Pennsylvania. Further, the fees are calculated and paid under the direction of the Treasurer of the FEF, who is based in Pittsburgh, Pennsylvania.

As the Tennessee district court realized in *Reaves*, the strong factual connections of this litigation to Pittsburgh compel the conclusion that transfer will serve the convenience of the parties and witnesses and promote the interests of justice pursuant to § 1404(a). *See Reaves* Transfer Order at 7-9. In contrast, this case has *no* comparable, factual connection with the District of Massachusetts. Rather, any connections to Massachusetts are largely fortuitous and incidental to the issues presented in this case. Moreover, the significance of Plaintiff's choice of forum is also "considerably reduced" in this case. *See Reaves* Transfer Order at 7-9; *Bolton v. Tesoro Petroleum Corp.*, 549 F. Supp. 1312, 1313-14 (E.D. Pa. 1982). "It has been consistently held … that the weight accorded to plaintiff's choice of forum is considerably reduced in class and derivative actions, where each of many potential plaintiffs may claim the right to have the action heard in his home forum, and where the nominal plaintiff's role in the litigation is likely to

be quite minimal." *Bolton*, 549 F. Supp. at 1313-14 (citing *Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947)). As the U.S. Supreme Court held in *Koster*:

> [W]here there are hundreds of potential plaintiffs, all equally entitled voluntarily to invest themselves with the corporation's cause of action and all of whom could with equal show of right go into their many home courts, the claim of any one plaintiff that a forum is appropriate merely because it is his home forum is considerably weakened.

330 U.S. at 524. *See also Reaves* Transfer Order at 8.[7]

Finally, as the Tennessee district court stated in *Reaves*, "the public interest concerns of systemic integrity, fairness, and judicial economy" weigh heavily in favor of transfer to the Western District of Pennsylvania. *See Reaves* Transfer Order at 9. The five cases currently pending in the Western District of Pennsylvania differ in certain respects, but they all involve very similar claims and the same group of Federated companies. *Id.* at 5-9 & n.3. Accordingly, discovery and other pretrial proceedings can be coordinated in order to avoid

---

[7] For purposes of Defendants' transfer motion, it does not matter whether Plaintiff's case is viewed as a putative class action or as a derivative action. *Bolton*, 549 F. Supp. at 1313-14. However, it should be noted that Plaintiff has mis-pled his Section 36(b) claims and state law claims as a direct class action "on behalf of" himself and a putative class of past and present Kaufmann Class K shareholders. *Zucker* Complaint ¶¶ 1, 5. In reality, Section 36(b) only provides Plaintiff with a limited right to sue "on behalf of" the mutual fund that he owns—*i.e.*, "derivatively" for the benefit of the fund as a corporate entity and not for the benefit of past or present shareholders as individuals. *See* Reaves Transfer Order at 7-9; *Daily Income Fund, Inc. v. Fox*, 464 U.S. 523, 535 n.11 (1984) (stating that a Section 36(b) action is "undeniably 'derivative' in the broad sense of that word" because it entails a shareholder suing "on behalf of" an investment company to enforce a fiduciary duty owed to the company and seeks relief for the company, not the shareholder personally, even though it is not subject to Fed. R. Civ. P. 23.1). State law similarly dictates that Plaintiff's claim is derivative. *See In re Eaton Vance Mutual Funds Fee Litigation*, No. 04-civ-1144JGK, 2005 WL 1813001, at **9-12 (S.D.N.Y. Aug. 1, 2005) (stating that under Massachusetts law to determine whether a claim should be derivative, a court must determine whether the plaintiff has alleged "an injury distinct from that suffered by shareholders generally or a wrong involving one of [her] contractual rights as a shareholder"), submitted herewith as Exhibit I.

unnecessary duplication of work and a waste of judicial economy and litigant resources. *See* W.D. Pa. Federated Case Coordination Order at 2-3 (ordering such coordination in the Federated Fee Cases in the interests of justice and judicial economy).

Indeed, transfer and coordination are especially necessary and appropriate here because *Spahn*, *Brever*, *Reaves*, and this case all have been filed by alleged Federated Kaufmann Fund shareholders claiming that Federated and its subsidiaries (including FSC and FSSC) have breached Section 36(b) of the Investment Company Act of 1940 by charging the Fund improper or excessive fees for distribution services and other, related services. *Compare Zucker* Complaint ¶¶ 5, 27, 64-66, 70-72, *with Reaves* Complaint ¶¶ 1, 6, 89-91, 130-34, *Brever* Second Amended Complaint ¶¶ 1, 5, 65-67, 73-75, 77-79, *and Spahn* Complaint ¶¶ 1, 7, 75-78. Therefore, it is *certain* that all four cases will entail litigation concerning the *same* distribution agreement, written Rule 12b-1 distribution plan, transfer agency agreement, and shareholder services agreement adopted for Federated Kaufmann Fund (including Federated Kaufmann Fund Class K Shares), and it is also *certain* that all four cases will entail litigation concerning the *same* distribution services, transfer agency services, and shareholder services provided to Federated Kaufmann Fund (including Federated Kaufmann Fund Class K Shares).

*Reaves* and this case overlap even further. *Both* focus on Federated Kaufmann Class K Shares; *both* allege that the Fund's Class K shares are "closed" to new investors; and *both* assert that distribution fees and shareholder services fees are excessive and unreasonable in light of the services rendered. *Compare Zucker* Complaint ¶¶ 2-4 *with Reaves* Complaint ¶¶ 6, 28, 76, 78, 89, 90. Furthermore, *both* allege that Federated companies are liable under Section 36(b) for a redemption fee that is paid by redeeming Class K shareholders to the Fund. *Compare Zucker* Complaint ¶¶ 5, 50 *with Reaves* Complaint ¶¶ 1, 38, 57, 59. Plaintiffs' respective Section 36(b) claims in *both* cases, therefore, will require consideration and discovery of the same fees and services rendered to the same Class of Shares. If the case is *not* transferred to the Western

District of Pennsylvania, there will be not only a waste of judicial resources but also a greater danger of multiple judgments with respect to Federated Kaufmann Fund and its Class K Shares that are conflicting, overlapping, or collectively in violation of Section 36(b)'s statutory limit on damage awards, 15 U.S.C. § 80a-35(b)(3). Transfer to the Western District of Pennsylvania, therefore, will promote systemic integrity and fairness by avoiding the risk of conflicting judgments and ensuring that similar claims and arguments concerning Federated Kaufmann Fund and its Class K Shares are decided in a consistent manner by a single court. *Id.*

Accordingly, Plaintiff's Section 36(b) case can (and should) be transferred to facilitate coordination among these cases involving the same mutual fund and many of the same fees and services. *See Nelson v. Aim Advisors*, 2002 WL 442189, at **3-4 (S.D. Ill. March 8, 2002) (transferring various Section 36(b) claims to the districts where each mutual fund's adviser and distributor were located). *See also Goggins v. Alliance Cap. Mgmt*, 279 F. Supp. 2d 228, 232-35 (S.D.N.Y. 2003) (transferring class action against mutual fund and managers to allow for coordination with related class actions and derivative actions based on Section 36(a) and (b) involving same fund and managers and similar allegations).[8]

---

[8]  As the district court recognized in *Reaves*, for purposes of this Motion, it does not matter whether Plaintiff's Section 36(b) claims are based upon somewhat different factual allegations and legal theories than those alleged in *Reaves*, *Brever*, or *Spahn*. *See Reaves* Transfer Order at 7 & n. 3. *Any* challenge to the Fund's distribution fees, shareholder service fees, and other fees will have to be based on the *same* information concerning the nature and quality of the *specific* services provided by Federated companies to Federated Kaufmann Fund Class K Shares. *See*, *e.g.*, *Migdal v. Rowe Price-Fleming International, Inc.*, 248 F.3d 321, 326-27 (4th Cir. 2001) (rejecting attempts to compare fees without allegations and evidence concerning the nature and quality of the services provided).

## **CONCLUSION**

For the reasons stated above, the Court should transfer this case to the United States District Court for the Western District of Pennsylvania.

Dated:  December 2, 2005                           Respectfully Submitted,

           /s/ Stuart M. Glass
James S. Dittmar (BBO# 126320)
Stuart M. Glass (BBO# 641466)
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, Massachusetts 02109
Tel: (617) 570-1000
*Attorneys for Defendants*

OF COUNSEL:
Thomas L. Allen
Perry A. Napolitano
David J. Bird
REED SMITH LLP
435 Sixth Avenue
Pittsburgh, PA  15219
*Attorneys for Defendants*
*Federated Securities Corp.*
*Federated Shareholder Services Co.*

Robert J. Higgins
Eric A. Bensky
DICKSTEIN SHAPIRO MORIN &
OSHINSKY LLP
2101 L Street, N.W.
Washington D.C. 20037-1526
*Attorneys for Defendants other than*
*Federated Securities Corp.*
*Federated Shareholder Services Co.*
LIBA/1653087.1