## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LAWRENCE ZUCKER, on Behalf of Himself and all Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case Number: 05-11831 NMG |
| FEDERATED SHAREHOLDER SERVICES COMPANY, JOHN F. DONAHUE, J. CHRISTOPHER DONAHUE, LAWRENCE D. ELLIS, THOMAS G. BIGLEY, JOHN T. CONROY, JR., NICHOLAS P. CONSTANTAKIS, JOHN F. CUNNINGHAM, PETER E. MADDEN, CHARLES F. MANSFIELD, JR., JOHN E. MURRAY, JR., MARJORIE P. SMUTS, JOHN S. WALSH and FEDERATED SECURITIES CORP., | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## DECLARATION OF RICHARD J. THOMAS

I, Richard J. Thomas, hereby state:

1.      I am the Treasurer of Federated Equity Funds ("FEF"), the open-end,

management investment company that consists of several Series, including Federated Kaufmann

Fund ("FKAUF"), the mutual fund at issue in this action.

2.      I have personal knowledge of all the facts stated herein.

### Federated Kaufmann Fund

3.      FKAUF is a diversified portfolio of FEF.

4.      FEF is an open-end, management investment company organized as a business

trust under the laws of the Commonwealth of Massachusetts.  FEF offers separate Series of

shares representing interests in separate portfolios of securities. FEF's address is 5800 Corporate Drive, Pittsburgh, PA 15237-7000.

5.       The other current executive officers of FEF include John F. Donahue (Chairman), J. Christopher Donahue (President), John W. McGonigle (Executive Vice President and Secretary), Stephen F. Auth (Chief Investment Officer), Peter Germain (Chief Legal Officer), Brian Bouda (Chief Compliance Officer), Lawrence Auriana (Vice President), Richard B. Fisher (Vice President), James E. Grefenstette (Vice President), and Hans P. Utsch (Vice President).

6.       Messrs. John F. Donahue, J. Christopher Donahue, McGonigle, Germain, Bouda, Fisher, Grefenstette, and I all work in Pittsburgh, Pennsylvania and reside in the Pittsburgh metropolitan area. None of FEF's executive officers works or resides in Massachusetts.

7.       FEF is governed by a Board of Trustees consisting of the following individuals who are each named Defendants and domiciled in the cities and states listed under their respective names:

John F. Donahue
Pittsburgh, Pennsylvania

J. Christopher Donahue
Pittsburgh, Pennsylvania

Lawrence D. Ellis, M.D.
Pittsburgh, Pennsylvania

Thomas G. Bigley
Pittsburgh, Pennsylvania

John T. Conroy, Jr.
Naples, Florida

Nicholas P. Constantakis
Pittsburgh, Pennsylvania

John F. Cunningham
Palm Beach, Florida

Peter E. Madden
Palm Beach, Florida

Charles F. Mansfield, Jr.
Westhampton Beach, New York

John E. Murray, Jr.
Pittsburgh, Pennsylvania

Marjorie P. Smuts
Pittsburgh, Pennsylvania

John S. Walsh
Valparaiso, Indiana

8.      The FEF Board meets regularly in Pittsburgh, Pennsylvania; Ligonier,

Pennsylvania; and Naples, Florida.  The FEF Board has never met in Massachusetts to conduct

business related to Federated Kaufmann Fund.

9.      Minutes of FEF Board meetings and records of information provided to the FEF

Board are maintained in Western Pennsylvania and not in Massachusetts.

10.     The FEF Board has established four classes of shares of FKAUF, known as Class

A, Class B, Class C, and Class K (Shares), each representing interests in a single portfolio of

securities.  Under its distributor's contract with FEF, FSC offers shares of FKAUF (including

Class K Shares) on a continuous, best efforts basis.  Contrary to the Complaint, none of

FKAUF's four classes (including Class K) is closed to new investors.  All of FKAUF's four

classes (including Class K) may be purchased by new investors.  Specifically, FKAUF Class K

Shares are offered for sale to, and may be purchased: (i) by former shareholders of the Kaufman

Fund (FKAUF's predecessor) and their immediate family members, (ii) through the financial

intermediary relationships that existed for the Kaufman Fund, and (iii) through financial

intermediaries investing on behalf of retirement plans where plan level omnibus accounts are held on the books of FKAUF.

11.    FEF has adopted a Rule 12b-1 Plan for FKAUF, pursuant to Section 12(b) of the Investment Company Act of 1940 and the regulations promulgated thereunder by the Securities and Exchange Commission, which allows FEF to pay marketing fees to FEF's distributor and principal underwriter, Federated Securities Corp. ("FSC"), and to investment professionals for the sale, distribution and customer servicing of FKAUF's shares.

12.    None of the actions of the Board approving or renewing this Rule 12b-1 Plan took place in Massachusetts.

13.    Records relating to this Rule 12b-1 Plan are maintained in Western Pennsylvania. None is maintained in Massachusetts.

**Federated Kaufmann Fund's Principal Underwriter and Distribution Efforts**

14.    Defendant FSC is the principal underwriter and distributor of FKAUF shares, pursuant to a contract between FSC and FEF.  FSC markets FKAUF shares to institutions or to individuals, directly or through investment professionals.

15.    FSC is a Pennsylvania corporation and registered broker/dealer under the Securities Exchange Act of 1934.  FSC maintains its principal place of business in Pittsburgh, Pennsylvania.  FSC does not have a place of business in Massachusetts.

16.    All records relating to services performed by FSC for FEF and FKAUF are maintained in Western Pennsylvania.  None is maintained in Massachusetts.

17.    All records relating to the FEF Board's review of FEF's distributor contract and Rule 12b-1 Plan are maintained in Western Pennsylvania.  None is maintained in Massachusetts.

18.    The investment advisory fees and Rule 12b-1 fees are calculated and paid under the direction of the Treasurer of the FEF, and I am located in Pittsburgh, Pennsylvania.

### Federated Kaufmann Fund's Ancillary Service Providers

19.    Defendant Federated Shareholder Services Company ("FSSC") is a Delaware statutory trust and was a registered transfer agent under the Securities Exchange Act of 1934. FSSC maintains its principal place of business in Pittsburgh, Pennsylvania. FSSC does not have a place of business in Massachusetts.

20.    Federated Services Company ("FServC") is the immediate parent company of FSSC and is a Pennsylvania corporation with its principal place of business in Pittsburgh, Pennsylvania.  FServC does not have a place of business in Massachusetts.

21.    Prior to July 1, 2004, FServC provided transfer agency services and maintained all necessary records of shareholder accounts for FEF, including FKAUF, by and through its subsidiary FSSC.

22.    Neither Federated, FSSC, FServC, nor any other Federated company has provided transfer agency services or charged or received any fee for providing transfer agency services to FEF (including FKAUF) during the one year period prior to the commencement of this litigation (*i.e.*, prior to September 8, 2005).

23.    All contracts and many of the other documents relating to the ancillary services provided to FEF by FServC and FSSC are maintained in Western Pennsylvania.

### Federated Investors, Inc.

24.    Federated Investors, Inc. ("Federated") is the ultimate parent company of FSC, FSSC, and FServC.

25.    Federated is a public corporation organized under the laws of the Commonwealth of Pennsylvania with its principal place of business in Pittsburgh, Pennsylvania. Federated does not have a place of business in Massachusetts.

26.    Most of the Federated business records related to FEF and FKAUF are maintained in Western Pennsylvania. None is maintained in Massachusetts.

**Cases Presently Pending In The Western District of Pennsylvania
Against Federated Investors, Inc. And Its Subsidiaries Brought On Behalf Of
Federated Kaufmann Fund And/Or Other Federated Mutual Funds**

27.    There are five other cases presently pending in the Western District of Pennsylvania against Federated, FSC, FSSC, and other subsidiaries or affiliates of Federated:

> ➤ *Spahn v. Federated Investors, Inc., et al.*, No. 04-cv-00352-DSC (W.D. Pa.) (filed March 8, 2004);

> ➤ *Bauer v. Federated Equity Management Company of Pennsylvania, et al.*, No. 04-cv-00702-DSC (W.D. Pa.) (voluntarily dismissed in S.D. Ill., filed in W.D. Pa. May 10, 2004);

> ➤ *Fetzer v. Federated Investors, Inc., et al.*, No. 04-cv-00719-DSC (W.D. Pa.) (filed May 12, 2004; consolidated with No. 04-cv-00352-DSC March 31, 2005);

> ➤ *Brever, et al. v. Federated Equity Management Co. of Pennsylvania, et al.*, No. 04-cv-00855-DSC (W.D. Pa.) (filed February 25, 2004 in M.D. Fla.; transferred June 1, 2004 to W.D. Pa.);

> ➤ *Reaves v. Federated Investors, Inc., et al.*, No. 05-cv-00201-DSC (W.D. Pa.) (filed June 25, 2004 in W.D. Tenn., transferred February 14, 2005 to W.D. Pa.).

28.    Each of these cases has been brought by an alleged shareholder (or alleged shareholders) of a mutual fund sponsored, managed, or administered by the Defendants and other subsidiaries or affiliates of Federated. Each of these cases involves, among other things, claims for breach of fiduciary duties by some or all of the Defendants in this case based on Section 36(b) of the Investment Company Act of 1940. Three of these cases expressly are brought by an alleged FKAUF shareholder on behalf of investors in FKAUF and/or for the benefit of FKAUF.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on December _1_, 2005.

_____
Richard J. Thomas